Filed 1/15/14  P. v. Mazzei CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL WILLIAM MAZZEI,<br><br>    Defendant and Appellant. | A137383<br><br>(Solano County<br>Super. Ct. No. VCR178416) |

In this appeal from the denial of a motion to vacate a criminal conviction, appointed counsel for defendant Paul William Mazzei filed a brief requesting this court's independent review of the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We dismiss the appeal as abandoned because Mazzei is not entitled to *Wende* review and no claims of error have been raised.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In 2006, Mazzei, a Canadian citizen, was sentenced to twenty-five years to life in prison after he pleaded nolo contendere to one count of murder.[1]  His plea was part of a negotiated arrangement in which the People agreed to dismiss the allegation that he

---

[1] Penal Code section 187, subdivision (a).  All further statutory references are to the Penal Code.

1

personally used a deadly weapon and agreed not to add a special circumstance that the murder was for financial gain.[2] Mazzei waived his right to appeal the conviction.

Almost seven years later, Mazzei filed a motion to vacate the conviction. The motion was based on section 1016.5 (requiring trial courts to advise defendants before accepting pleas that certain convictions may have immigration consequences); section 1018 (allowing the withdrawal of guilty pleas in certain circumstances); and *Boykin v. Alabama* (1969) 395 U.S. 238, 242 (requiring guilty pleas to be "intelligent and voluntary"). The trial court denied the motion as untimely, and this appeal followed.

## II.
### DISCUSSION

In his brief filed under *Wende*, *supra*, 25 Cal.3d 436, Mazzei acknowledges that in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), the Sixth District Court of Appeal held that a defendant is entitled to *Wende* review in "a first appeal of right" from a criminal conviction but is not entitled to such review "in subsequent appeals, including collateral attacks on the judgment." (*Id.* at p. 503.) The *Serrano* court concluded that such a subsequent appeal must be dismissed as abandoned if neither the defendant nor appointed counsel raises any claims of error. (*Id.* at pp. 503-504.) Mazzei argues that *Serrano* was incorrectly decided and should not control even though it also arose out of an appeal from a motion to vacate a conviction under section 1016.5. (*Id.* at p. 499.) We disagree.

We begin with a brief history of the *Wende* procedure, which was fashioned to protect an indigent defendant's federal constitutional right to effective assistance of counsel in the first appeal of right from a conviction. (*People v. Kelly* (2006) 40 Cal.4th 106, 117-118; *Serrano*, *supra*, 211 Cal.App.4th at pp. 499-500.) The federal Constitution does not require states to provide such an appeal (*Douglas v. California* (1963) 372 U.S. 353, 356), but if a state provides one, the state must ensure that indigent defendants are

---

[2] Sections 190.2, subdivision (a)(1) [financial-gain special circumstance], 12022, subdivision (b)(1) [personal use of deadly weapon].

2

provided with effective assistance of counsel.  (*Ibid.*; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 554 (*Finley*).)

In *Anders v. California* (1967) 386 U.S. 738, 741, 744 (*Anders*), the United States Supreme Court held that effective assistance of counsel cannot be assured when court-appointed appellate counsel is allowed simply to move to withdraw when unable to identify any meritorious issue.  Instead, assuring effective assistance requires that appointed counsel at least submit "a brief referring to anything in the record that might arguably support the appeal" to facilitate an independent review by the court.  (*Id.* at pp. 744-745.)  In *Wende,* our Supreme Court adopted a "modified procedure" to fulfill the requirements of *Anders.*  (*Kelly, supra*, 40 Cal.4th at pp. 117-118; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The United States Supreme Court has refused to extend *Anders* to appeals of decisions in postconviction proceedings because it has never recognized a constitutional right to effective assistance of counsel in those appeals:  "The holding in *Anders* [, *supra*, 386 U.S. 738] was based on the underlying constitutional right to appointed counsel established in [*Douglas v. California*, *supra*, 372 U.S. 353]. . . .  *Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel. [¶] . . . We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process." (*Finley*, *supra*, 481 U.S. at pp. 554-555.)  Applying *Finley*, our Supreme Court has held that *Anders* does not require independent review in appeals from conservatorship proceedings or dependency proceedings because such appeals are not first appeals of right from criminal convictions.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535-537; *In re Sade C.* (1996) 13 Cal.4th 952, 982-983.)  It is thus settled that *Anders* does not require independent review in appeals other than first appeals of right from criminal convictions.

We reject Mazzei's argument that he is entitled to independent review under *Anders*, *supra*, 386 U.S. 738 simply because defendants in California also have a

statutory right to appeal from certain postconviction decisions.[3] As *Finley* makes clear, the determinative factor is whether the defendant has a federal constitutional right to effective assistance of counsel in a particular appeal, not whether the defendant has a state-created right to appeal or right to counsel. (*Finley*, *supra*, 481 U.S. at p. 556; see also *Serrano*, *supra*, 211 Cal.App.4th at pp. 500-501.)

Mazzei also argues that independent review is necessary to safeguard "the rights of the non-citizen accused" under "the Fifth, Sixth, and Eighth Amendments," which he claims are "the interests protected by . . . section 1016.5." As discussed above, the *Wende* procedure protects an indigent defendant's right to effective assistance of counsel, which attaches to first appeals of right from criminal convictions—but not to postconviction appeals. Mazzei fails to explain how the *Wende* procedure would protect any constitutional rights he may have other than the right to effective assistance of counsel, nor does he claim that any of those rights is in danger of being violated by virtue of his status as a noncitizen.

Finally, we do not accept Mazzei's contention that independent review is required because "immigration consequences" are "akin to punishment." He focuses on "punishment" in an attempt to distinguish *In re Sade C.*, *supra*, 13 Cal.4th 952 and *Conservatorship of Ben C.*, *supra*, 40 Cal.4th 529, both of which discuss whether the proceedings involved "punishment" implicating due process (under the three-factor analysis set forth in *Lassiter v. Department of Social Services* (1981) 452 U.S. 18) or equal protection. (*Ben C.*, at pp. 538-543; *Sade C.*, at pp. 985-986, 990-991.) But Mazzei makes no attempt to explain how due process requires the extension of *Anders* in light of the *Lassiter* factors, and he offers no equal-protection argument at all. Mazzei has failed to persuade us that he is entitled to *Wende* review in this appeal.

Following the procedure set forth in *Serrano*, we notified Mazzei of his right to file a supplemental brief raising any substantive issues. (*Serrano*, *supra*,

---

[3] Criminal defendants have the right to appeal from not only the "final judgment of conviction" but also "any order made after judgment, affecting [their] substantial rights." (§ 1237.)

211 Cal.App.4th at p. 503.)  He has not done so.  Because neither he nor his counsel has raised any claims of error, we dismiss the appeal as abandoned.  (See *id.* at pp. 503-504.)

III.

DISPOSITION

The appeal is dismissed.

_____
Humes, J.

We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.

6